IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SILVIA BARROSO                                     :
       Plaintiff
                                                            CIVIL ACTION NO:
  v.                                                         :

DENTSPLY SIRONA INC. AND                :
DENTSPLY SIRONA PROSTHETICS
       Defendants                           :

**COMPLAINT**

**JURY TRIAL DEMANDED**

**INTRODUCTION:**

1. This action is brought by Silvia Barroso to redress her deprivation of rights under the Americans with Disabilities Act and Americans with Disabilities Act as amended (ADA/ADAA) at Count I, and under the Pennsylvania Human Relations Act (PHRA) at Count II. In support of these claims, Silvia Barroso alleges:

**JURISDICTION AND VENUE**:

2. Original jurisdiction founded on the existence of questions arising under particular statutes. The action arises under the Americans with Disabilities Act and Americans with Disabilities Act as amended (ADA/ADAA).

3. Jurisdiction founded upon principals of pendent jurisdiction under 28 U.S.C § 1367 that authorizes the court to supplemental jurisdiction over any claims against parties that are part of the same controversy as the claim that provides the basis for the court's original jurisdiction.

4. Defendants Dentsply Sirona Inc. and Dentsply Sirona Prosthetics are employers with more than fifty employees.

. 5. The matter in controversy exceeds, exclusive of interests and costs, the sum of one hundred thousand dollars.

6. The unlawful practices and harm complained of occurred in York County in the Commonwealth of Pennsylvania where defendants conduct business and Plaintiff performed services on behalf of the defendants. Venue therefore lies in the Middle District of Pennsylvania.

7. Plaintiff complied with all the conditions precedent to the filing of this complaint. See attached Notice of Rights issued by the Equal Employment Opportunity Commission at Exhibit A.

**PARTIES:**

8. Plaintiff Silvia Barroso is a citizen of York County in the Commonwealth of Pennsylvania. The defendants employed Plaintiff as a Carder sorting teeth at Densply Sirona Prosthetics located at 500 West College Avenue, York, Pennsylvania.

9. Defendant Dentsply Sirona Inc. is an international manufacturer of dental, endodontic and orthodontic products. Plaintiff worked at Denstply Sirona Prosthetics in York, Pennsylvania, the location that focused on manufacturing prosthetic dental products.

10. Defendant Dentsply Sirona Prosthetics is a subsidiary of Defendant Dentsply Sirona Inc. Plaintiff worked at Denstply Sirona Prosthetics in York, Pennsylvania, that focused on manufacturing prosthetic dental products. Dentsply Sirona Prosthetics was previously known as Dentsply Prosthetics a division of Denstply International Inc. On or about February 29, 2016, Dentsply International Inc. and Sirona Dental Systems Inc. merged to form Dentsply Sirona Inc. See News Release at Exhibit B.

11. At all times relevant, Defendant Dentsply Sirona Inc. and Defendant Dentsply Sirona Prosthetics acted as one and acted by and through all partners, owners, management, staff, executives, directors, officers, supervisors, employees and all other agents.

**CLAIMS:**

12. Plaintiff is an older dark-skinned disabled Latina female born in Bolivia.

13. Plaintiff has polio. She wears braces on her legs and walks using two crutches. She has no muscles from the waist down and relies on her upper body to lift and move using the crutches.

14. Plaintiff's medical condition meets the definition of disability under ADA/ADAAA. Plaintiff's disabilities affect her daily life activities including walking, standing, stooping, climbing and lifting.

15. Plaintiff was first hired 2013 through a temp agency to work as a teeth sorter at Dentsply Prosthetics then a division of Dentsply International, Inc. On June 6, 2013, the plaintiff appeared for an orientation tour along with three non-disabled, younger individuals. After the orientation, Plaintiff was informed that her services were no longer needed at Dentsply. Plaintiff then filed Charges of Discrimination with the EEOC against Dentsply at Charge No. 530-2013-03383. The 2013 EEOC Charge No. 530-2013-03383 was mutually concluded.

16. On August 26, 2014, the Sr. Human Resources Manager Stephen Desjardins for Dentsply offered and Plaintiff accepted employment as a part time Plastic Tooth Card Assembler (Production Worker I). The starting date was September 2, 2014. See Employment Offer at Exhibit C.

17. From the start of her employment, the defendants were aware of Plaintiff's disability and limitations associated with polio. Defendants

Dentsply initially accommodated the plaintiff's disability and that affected and limited her ability to walk.  The accommodations excused attendance if the plaintiff could not attend work because of "poor walking conditions" and medical appointments "would be excused even if she had exhausted her UPTO".  See Accommodations communicated August 14, 2015 by then Manager Stephen Desjardins to supervisory staff at Exhibit D.

18. On or about August, 2016, Sr. Human Resources Manager Stephen Desjardins ceased working for Denstply.

19. On or about September 2016, the plaintiff introduced herself to Kelly Harris the Human Resources Manager who replaced Stephen Desjardins.  The plaintiff informed Manager Harris of the disability accommodations that were in place for her.

20. On November 7, 2016, the plaintiff tore her rotator cuff.  She slipped and fell and sought medical attention for her left shoulder.  She called off work for three (3) days.  Plaintiff informed her supervisors of her condition and that she sought medical care and treatment.  Plaintiff informed her supervisors that she could not attend work because she was unable to use her crutches and she could not walk and lift herself from her seat without crutches.

21.     Plaintiff is unable to walk or ambulate without her crutches. The torn rotator cuff precluded Plaintiff from using her crutches therefore a "condition" that meant she could not walk and could not attend work until her rotator cuff healed.

22.     Plaintiff returned to work at her usual schedule after the brief three (3) days leave to recover her arm strength

23.     The Dentsply Defendants terminated the plaintiff's employment three (3) weeks later on November 30, 2016. The purported reason for termination was alleged unexcused attendance.

24.     The leave time required for the care of the rotator cuff was brief, time limited and inclusive under the accommodations previously requested and granted through Stephen Desjardins for the Dentsply Defendants.

25.     Human Resources Manager Kelly Harris was on notice that the plaintiff had torn her rotator cuff and obviously could not use her crutches necessary for her to walk and stand.

26.     Plaintiff protested the attendance points that were disability related and had been historically excused without penalty under her longstanding accommodations.

    a.    Plaintiff worked on the third floor. Denstply Defendants had excused the plaintiff from work when the building elevator was not operating and the plaintiff could not climb stairs to the third floor.

    b.    Defendants had excused the plaintiff from work when the parking lot was black topped and sealed.

    c.    Defendants had excused the plaintiff from work for weather conditions including ice and rain.

    d.    Defendants had excused the plaintiff from work for medical appointments and physical ailments that affected her ability to walk.

27.    The Dentsply Defendants wrongfully ceased, withdrew, cancelled, refused and denied reasonable accommodations for the plaintiff to perform her job.

28.    Plaintiff was able to perform the essential functions of her job with accommodation.

29.    The Dentsply Defendants treated Plaintiff differently, disparately, adversely, wrongfully discharged her, interfered with her rights and retaliated against her on the basis of her disability and/or because she requested accommodations and/or because she engaged in protected activity

by protesting discrimination and complaining of discrimination in the work place and/or for filing prior charges of discrimination with the EEOC at Charge No. 520-2013-03383.

30. As a result of the defendants' actions and inactions, the plaintiff suffered harm and losses.

31. Plaintiff timely filed administrative charges of discrimination against Defendant with the Equal Employment Opportunity Commission and the Pennsylvania Human Relations Commission. Plaintiff exhausted her administrative remedies. See Notice of Rights attached Exhibit A.

32. Defendants caused Plaintiff to suffer harm and losses.

## COUNT I

## VIOLATIONS OF THE ADA/ADAAA

## SILVIA BARROSO V. DENTSPLY SIRONA INC. AND DENTSPLY SIRONA PROSTHETICS

33. The allegations of paragraphs 1 thru 32 are incorporated by reference.

34. The conduct by Defendants described above constitutes violations of the Americans with Disabilities Act and the Americans with Disabilities Act as amended.

35. The conduct by Defendants described above was willful within the meaning of the Americans with Disabilities Act and the Americans with Disabilities Act as amended.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendants Dentsply Sirona Inc. and Dentsply Sirona Prosthetics and the Court:

(A) Award Plaintiff actual damages for loss of revenue, including back pay, differential pay, future earnings and lost benefits with interest;

(B) Award Plaintiff compensatory damages for distress, lost career, embarrassment, and humiliation;

(C) Award Plaintiff punitive damages;

(D) Award Plaintiff costs of this action and reasonable attorney's fees;

(E) Award Plaintiff all other relief to which Plaintiff may appear entitled or which the Court deems appropriate and just.

**COUNT II**

**PENNSYLVANIA HUMAN RELATIONS ACT**

**SILVIA BARROSO V. DENTSPLY SIRONA INC. AND**

## DENTSPLY SIRONA PROSTHETICS

36. The allegations of paragraphs 1 thru 35 are incorporated by reference.

37. The conduct by Defendants described above constitutes violations of the Pennsylvania Human Relations Act.

38. The conduct by Defendants described above was willful within the meaning of the Pennsylvania Human Relations Act.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendants Dentsply Sirona Inc. and Dentsply Sirona Prosthetics and the Court:

(A) Award Plaintiff actual damages for loss of revenue, including back-pay, differential pay, future earnings and lost benefits with interest;

(B) Award Plaintiff compensatory damages for distress, lost career, embarrassment, and humiliation;

(C) Award Plaintiff costs of this action and reasonable attorney's fees;

(D)  Award Plaintiff all other relief to which Plaintiff may appear entitled or which the Court deems appropriate and just.

Respectfully submitted:

*s/Nina B. Shapiro*

Attorney for Plaintiff
PA #44040
53 North Duke Street, Suite 201
Lancaster, PA 17602
717-399-8720
bgdnbs@aol.com

DATE:  September 26, 2018